**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DEBORAH LOGAN, as Special Administrator of the Estate of DARIUS HATFIELD, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VIC REGALADO, in his official capacity as TULSA COUNTY SHERIFF, and )<br>)<br>TURN KEY HEALTH CLINICS, LLC )<br>)<br>Defendants. ) | Case No. 20-cv-303-GKF-SH |

**MOTIONS IN LIMINE OF DEFENDANT TURN KEY HEALTH CLINICS, LLC**

Respectfully submitted,

**Joel L. Wohlgemuth**, OBA #9811
**Jo Lynn Jeter**, OBA #20252
**W. Caleb Jones,** OBA #33541
**NORMAN WOHLGEMUTH LLP**
3200 Mid-Continent Tower
401 S. Boston Ave.
Tulsa, OK 74103

**ATTORNEYS FOR DEFENDANTS**

**April 1, 2022**

1

Defendant, Turn Key Health Clinics, LLC ("Turn Key"), respectfully submits these *Motions in limine* and moves this Court to instruct Plaintiff, her counsel and witnesses testifying on behalf of Plaintiff not to refer to, examine concerning, or attempt to convey to the jury or offer in any manner, evidence set forth below.

## FACTUAL SUMMARY

This is a civil rights lawsuit relating to the medical and mental health care provided to Darius Hatfield during his incarceration at the David L. Moss Criminal Justice Center from May 31, 2018 through June 3, 2018. Mr. Hatfield died of self-inflicted wounds on June 5, 2018. Plaintiff's remaining claim against Defendant asserts that Turn Key failed to provide "an adequate or timely medical evaluation, any assessment, or adequate medical monitoring and supervision or to otherwise care for Mr. Hatfield." (Doc. No. 2, ¶ 39).

Defendant seeks to exclude specific pieces of evidence that arose during discovery, but which Defendant believes are wholly irrelevant to the issues to be tried in this case. As such, Defendant Turn Key requests that the Court grant these *Motions in Limine* regarding the matters set forth below. Exhibits representing the matters set forth herein will be provided to the Court in advance of a hearing on *Motions in Limine*.

## MATTERS AND EVIDENCE TO BE EXCLUDED FROM TRIAL

**1. Other lawsuits involving the Defendant and deaths within the David L. Moss Criminal Justice Center**

During discovery, Turn Key disclosed two civil rights cases that had been filed against Turn Key and related to the provision of medical care at the Tulsa County Jail from December, 2016 to June, 2018:

- *Robert Wirtz, Jr. v. Sheriff Vic Regalado, et al.*, U.S. District Court for the Northern District of Oklahoma, Case no. 18-cv-599-GKF-FHM

- *John D. Lee Jr., as Special Administrator of the Estate of Caleb Lee, deceased v. Turn Key Health Clinics, LLC, et al.*, U.S. District Court for the Northern District of Oklahoma, Case no. 19-cv-318-GKF-JFJ

Neither of these cases involved a jail suicide.

Turn Key also disclosed the identities of three individuals who died in the Tulsa County Jail during Turn Key's tenure as medical care provider, from December 2016 to June 2018:

- "TW" (End Stage Liver Disease)
- "JRW" (Suicide)
- "CML" (Internal Hemorrhage d/t ulcer perforation)

Evidence of these other lawsuits and deaths would be both irrelevant and contrary to FED. R. EVID. 404, as such evidence would constitute improper character evidence and other bad acts evidence.

Evidence must be relevant to be admissible. FED. R. EVID. 402. Federal Rule of Evidence 401 provides that, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." As noted, neither of the previous lawsuits concerns a jail suicide and, hence, do not implicate any Turn Key policy that is at issue in this case. Further, of the three deaths within the Tulsa County Jail during the relevant time period, only one of these deaths was by suicide. The two non-suicide deaths are clearly irrelevant, as they would not implicate Turn Key's policies regarding suicide prevention. Further, as concerns the prior death by suicide, without some clear showing of similarity between the previous suicide and the current case, there is no reason to believe that the previous suicide would be relevant to any issue in this case.

Even assuming, for the purposes of argument, that any evidence of other lawsuits or deaths may be marginally relevant, introduction of such evidence would be for more prejudicial than probative. FED. R. EVID. 403. The unfair prejudice from such evidence is clear—the jury could infer from such evidence that Turn Key is simply a bad actor, without regard to the actual legal and factual issues in the case. Further, Defendant would inevitably be forced to defend itself regarding any prior bad acts evidence, and, as such, this evidence would lead to confusion of the issues, the misleading of the jury, and waste of judicial resources. These dangers outweigh any possible relevance such evidence could have. FED. R. EVID. 403.

Further, Fed. R. Evid. 404 provides that, "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait" and "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." In introducing evidence of previous lawsuits or deaths, given the substantive irrelevance of such evidence, Plaintiff would essentially be seeking to show action in accordance with Turn Key's character, as demonstrated by previous incidents. This is impermissible. Accordingly, evidence and argument regarding other lawsuits and deaths should be excluded from the jury.

**2. Reference to Darius Hatfield's alleged "anxiety" condition in subsequent medical records**

After Darius Hatfield attempted suicide by hanging on June 3, 2018, he was taken to Hillcrest Hospital for treatment. Medical records generated by Hillcrest state that Darius Hatfield had a past medical history of "anxiety."

Plaintiff's counsel has sought to use this subsequent reference to "anxiety" in depositions of Turn Key witnesses. However, while Mr. Hatfield was incarcerated at the Tulsa County Jail, he

explicitly and consistently denied having any previous mental health history every time that Turn Key staff inquired about his mental health history. Accordingly, to the extent that Plaintiff would seek to admit any subsequent medical record to demonstrate that Mr. Hatfield had a known history of anxiety, such evidence and argument should be excluded as irrelevant to the actual facts at issue in this case: Turn Key's knowledge of Darius Hatfield's medical history and how that informed Hatfield's treatment. FED. R. EVID. 402. Nor can Plaintiff argue that Turn Key should have obtained Mr. Hatfield's medical records and learned of the alleged "anxiety" condition through previous records. Defendant has obtained medical records from Darius Hatfield's previous primary care physician, Dr. Krishnamurthi, the only previous physician disclosed by Plaintiff through discovery. Throughout approximately 300 pages of these previous medical records, there is no reference whatsoever to Darius Hatfield having an anxiety condition.

Further, Plaintiff's use of a "medical history" notation in *subsequent* medical records for the purpose of proving that Darius Hatfield had a history of anxiety would constitute impermissible hearsay within hearsay. FED. R. EVID. 801, 802. Plaintiff would be seeking to use an out of court statement (the entry in the subsequent medical record) for the truth of the matter asserted, and, even if the medical record itself may be admissible, the anxiety notation would constitute hearsay within that medical record, as the anxiety notation purports to be a restatement of previous medical history. No exception would allow for the admission of this notation.

### 3. Any evidence of damages relating to lost wages

Plaintiff's Complaint includes a claim for damages relating to "pecuniary loss (including lost wages)." However, despite Defendant's request for such information, Plaintiff has provided no information in discovery regarding Darius Hatfield's earning capacity or regular wages. Having

5

failed to reasonably enumerate these damages, Plaintiff should not be permitted to introduce any evidence of such damages at trial.

### 4. Insurance / Indemnification

Any reference, directly or indirectly, to any evidence that Turn Key is, or is not, covered by any form of liability insurance or that any Defendant is entitled to indemnification, is immaterial to any issue in the case and prohibited by the Federal Rules of Evidence. FED. R. EVID. 411. References to insurance and indemnity are highly prejudicial and should be excluded. *See City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 758 (6th Cir. 1980) (appellate court granted new trial because plaintiff's counsel referenced the existence of insurance more than once during trial and was deemed intentional, not inadvertent); *Rios v. Bigler*, 67 F.3d 1543, 1550 (10th Cir. 1995). Federal Rule of Evidence 411 unequivocally prohibits reference to the existence of insurance to a jury in a civil case. In *Christine Wright v. Stanley Glanz, et. al.*, Case No. 13-cv-315-JED-JFJ (Dkt. 531), the Court granted the Tulsa County Sheriff's *Motion in Limine* regarding insurance and indemnification. Likewise, references to insurance and indemnification should not be permitted at trial in this matter.

Respectfully submitted,

/s/ Jo Lynn Jeter
**Joel L. Wohlgemuth**, OBA #9811
**Jo Lynn Jeter**, OBA #20252
**W. Caleb Jones**, OBA #33541**NORMAN WOHLGEMUTH**
3200 Mid-Continent Tower
401 S. Boston Ave.
Tulsa, OK  74103
Telephone:  (918) 583-7571
Facsimile:  (918) 584-7846

**ATTORNEYS FOR DEFENDANT, TURN KEY HEALTH CLINICS, LLC,**

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 1, 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

G. Gene Thompson
Margaret Cook
Keri Palacios
Donald Slaughter
Howard Berkson

      /s/ Jo Lynn Jeter
      **Jo Lynn Jeter**